PER CURIAM.
At the call of the trial calendar, Suria’s counsel took a voluntary dismissal pursuant to Florida Rule of Civil Procedure 1.420(a). The action was recommenced and then dismissed ex parte for failure of Suria to pay the costs to the defendant which had been previously assessed against him pursuant to Florida Rule of Civil Procedure 1.420(d). Through counsel, he sought to set aside dismissal of this action on the claim that he was indigent. The trial court quite correctly denied the motion to reinstate on this ground because the motion and affidavit of claimant were not accompanied by written certificate from his counsel of record representing that in his opinion the claim was true and meritorious, that counsel had neither been paid nor promised any remuneration for his servic *1130 es, and that he intended to act as attorney for the claimant without compensation. § 57.081(1), Fla.Stat. (1987). Nonetheless, as to his second ground, the trial court erred in not reinstating the action and staying the proceeding until payment of the costs to the defendant under the order had been complied with. Martin v. Arrow Cab, Inc., 107 So.2d 894 (Fla. 3d DCA 1958); Fla.R.Civ.P. 1.420(d).
Affirmed in part, reversed in part, and remanded.